**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-03024-WJM-MEH

DERICK FINN,

        Plaintiff,

v.

SUNCOR ENERGY a/k/a Suncor Energy
USA, Inc.,

        Defendant.

## AMENDED STIPULATED PROTECTIVE ORDER

      Plaintiff Derick Finn and Defendant Suncor Energy (U.S.A.) Inc. (incorrectly identified as Suncor Energy, a/k/a Suncor Energy U.S.A. Inc.) ("Suncor," collectively with Plaintiff, the "Parties"), stipulate and move, pursuant to Rule 26(c) of the Federal Rules Of Civil Procedure and Rule 502 of the Federal Rules of Evidence, for a Protective Order governing the treatment and handling of Confidential Information, as defined in Paragraph 1 below.

      In this action, at least one of the Parties has sought Confidential Information in discovery. The Parties may seek and be required to provide additional Confidential Information during discovery (including responses to interrogatories, document requests and requests for admissions). In addition, there will be questioning concerning Confidential Information in the course of depositions. Furthermore, responses to subpoenas duces tecum, inspections, examinations of premises, facilities, and physical evidence, witness interviews and other information given or exchanged by and among

1

the Parties and non-Parties to this action may involve Confidential Information. The Parties assert the disclosure of such Confidential Information outside the scope of this litigation could result in injury to one or more of the Parties business or privacy interests.

In addition, one or both parties will be required to produce large volumes of Discovery Material, defined in Paragraph 3 below. The parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Discovery Material produced. In addition to their own agreement, the Parties need the additional protections of a Court Order under FRE 502 to do so.

Because there is good cause for the entry of a protective order, the Court therefore enters this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

IT IS ORDERED:

1. As used in this Protective Order, the term "Confidential Information" means any information (including electronically stored information), document (including electronically stored documents), exhibit, file, portions of files, transcribed testimony (including deposition testimony), response to subpoenas deuces tecum, inspections, examinations of premises, facilities, and physical evidence, witness interviews, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated by one of the Parties in the manner provided in paragraphs 8 or 9 below as

CONFIDENTIAL. In addition, "Confidential Information" shall include, but not be limited to, the following types of information whether or not designated by one of the Parties in the manner provided in paragraphs 8 or 9 below as CONFIDENTIAL:

    a.    documents and information that contain medical, psychological, disability, or financial records or information of a party;

    b.    the producing party considers the document or information to be proprietary, sensitive and/or of such nature that it is not generally known or capable of independent discovery or discernment (including, but not limited to, non-public information relating to Suncor's business operations, policies and procedures, as well as the personnel records of Suncor's current or former employees);

    c.    the producing party reasonably believes the document or information to be of such a nature that it would not otherwise be readily available in the public domain; or,

    d.    any other material qualifying for protection under Fed. R. Civ. P. 26(c) and/or the Uniform Trade Secrets Act, C.R.S. § 7-74-101 *et. seq.*

2.    As used in this Protective Order the term "document" is defined as provided in C.R.C.P. 34(a)(1). A draft or non-identical copy is a separate document within the meaning of this term.

3.    As used in this Protective Order the term "Discovery Material" means all documents, depositions, deposition exhibits, recorded telephone conversations, transcripts of telephone conversations, hard drives, responses to any discovery requests (including responses to interrogatories, document requests and requests for

admissions), responses to subpoenas duces tecum, inspections, examinations of premises, facilities, and physical evidence, electronically stored information (including metadata), witness interviews, and any other information produced pursuant to the Federal Rules Of Civil Procedure, or otherwise given or exchanged by and among the parties and non-parties to this action.

4. The designation of information as CONFIDENTIAL must be based on a good faith belief that the information is confidential, implicates common law or statutory privacy interests, or is otherwise entitled to protection under Fed. R. Civ. P. 26(c).

5. Confidential Information shall not be disclosed or used for any purpose other than the preparation, trial, and appeal of this case. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Order of the Court.

6. Confidential documents, materials and/or information (collectively "Confidential Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed to anyone except:

    a. Attorneys actively working on this case;

    b. Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. The Parties, including the Parties' employees, officers and

directors actively participating in the preparation and trial of this case;

    d.    Expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e.    The Court and its employees ("Court Personnel");

    f.    Stenographic reporters who are engaged in proceeding necessarily incident to the conduct of this action;

    g.    Other persons by written agreement of the Parties; and,

    h.    Witnesses or prospective witnesses in this case, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case.

7.    Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reports), counsel shall provide such person with a copy of this Protective Order and obtain from such person an agreement that he or she has read this Protective Order, agrees to be bound by its provisions, and submits to the jurisdiction of the Court for purposes of enforcing the Protective Order. All such original agreements shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

8.    When Confidential Information is produced, disclosed or otherwise provided by a party in response to any discovery request it may be designated as Confidential Information by imprinting or affixing the word CONFIDENTIAL on the first page or cover of any document produced, or next to or above any response to a

discovery request, in a manner that will not interfere with the legibility of the document or response. Failure to so designate as Confidential Information is not a requirement or prerequisite for information to be Confidential, as confidential information has or may have already been exchanged between the Parties, and/or the Parties have or may have already obtained Confidential Information by way of discovery responses, medical records, medical authorizations, disclosures by the Parties or through other means.

9. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof may be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation may be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Failure to so designate information identified in Paragraph 1(a)-(d) as Confidential Information is not a requirement or prerequisite for that information to be confidential.

10. A party may object to the designation of certain information as CONFIDENTIAL within fourteen (14) days from the receipt of such document or information, by sending notice of such objection to the designating party in writing, identifying the confidential document or information as to which objection is made. The designating party shall respond within fourteen (14) days from receipt of such notice (the "Designating Party's Response"). If the Parties cannot agree with respect to the treatment to be accorded the document or information that has been designated as CONFIDENTIAL, the designating party shall, within twenty-one (21) days of the Designating

Party's Response, have the burden to file a motion requesting that the Court determine whether the document or information shall be treated as CONFIDENTIAL under this Protective Order. If the designating party fails to file such a motion within twenty-one (21) days of the Designating Party's Response, the document or information shall be lose its designation and shall not be treated as CONFIDENTIAL. The document or information shall continue to have CONFIDENTIAL status from the time it is produced until the ruling by the Court.

11. This Protective Order shall not prohibit the use of Confidential Information in depositions; pleadings; motions; at trial; or in post-trial motions or proceedings, provided that the use of Confidential Information is for the preparation, trial, and appeal of this case. When filing any documents that contain Confidential Information, the party filing such documents must move the Court to restrict public access to the documents, and follow all procedures for restricting access to such Confidential Information at a Level 1 restriction level pursuant to D.C.COLO.LCivR 7.2. All such materials so filed shall be released from confidential treatment only upon further order of the Court.

12. In the event that any Confidential Information is used in any Court proceeding in this action, counsel shall confer in good faith on procedures necessary to protect the confidentiality of any material used in the course of any court proceedings including, but not limited to, requesting the Court to hear counsel with respect to the information in camera or in a sealed courtroom.

13. Pursuant to FRE 502(d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected Discovery Material against claims of waiver as follows:

a. The disclosure or production of Discovery Material by a producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a receiving Party, shall in no way constitute the voluntary disclosure of such Discovery Material.

b. The inadvertent disclosure or production of any attorney-client privileged Discovery Material in this action, or Discovery Material subject to the work product doctrine or other form of protection, shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Discovery Material as to the receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

c. If, during the course of this litigation, a party determines it has produced privileged or protected Discovery Material the producing Party may notify the receiving Party of such inadvertent production in writing and demand the return of such Discovery Material. The receiving Party must then either return, sequester or destroy the Discovery Material, and the receiving Party may not use the Discovery Material without further Order of this Court.

d. The receiving Party's return, sequestering or destruction of privileged Discovery Material as provided for in this Stipulation and Order will not act as a waiver of the requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the

grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the receiving Party is prohibited and estopped from arguing that:

    i.    the disclosure or production of the Discovery Material acts as a waiver of an applicable privilege or evidentiary protection;

    ii.    the disclosure of the Discovery Material was not inadvertent;

    iii.    the Producing Party did not take reasonable steps to prevent the disclosure of the Discovery Material; or

    iv.    the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

By operation of the parties' agreement and this Court Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

14. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.

15. At the conclusion of this case, including any appeals, unless other arrangements are agreed upon, counsel are entitled to retain Confidential Information, or copies thereof, pursuant to this agreement, or may destroy or return copies to counsel for the party to whom the document or documents relate.

16. If any person receiving and in the possession, custody, or control of Confidential Information is served with a subpoena, demand, or any other legal process seeking discovery material containing Confidential Information by one not a party to this

action, the receiving party shall give prompt written notice, by hand or facsimile transmission within forty-eight (48) hours of its receipt of the subpoena, demand or legal process, to the designating party, assuming the provision of the notice is not forbidden by law or legal authorities. The designating party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking the discovery material and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to the subpoena or legal process.

17. The remedy for violations of this Protective Order shall be as follows:

   a. For willful violation of the Protective Order, the remedy may include sanctions as determined by the Court and private remedies for damages resulting from the breach.

   b. For non-willful violation of the Protective Order, the remedy is limited to sanctions as determined by the Court.

18. This Protective Order, the production or receipt of Confidential Information and/or compliance with the terms of this Order, shall not:

   a. Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery;

   b. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Order;

   c. Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any Confidential Information the

                    party asserts requires or should be subject to other or further protection; or

        d.    Prevent the parties to this Order from agreeing in writing, with the consent of the designating party, to alter or waive the provisions or protections provided for in this Order with respect to any particular CONFIDENTIAL information.

    19.    The Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

    WHEREFORE, upon a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of Confidential Information in this case,

IT IS ORDERED that the Stipulated Protective Order of the Parties is approved and made an Order of the Court this 9th day of July, 2013, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

STIPULATED AND AGREED TO BY APPROVED:

s/Andrew T. Brake
Andrew T. Brake
Andrew T. Brake, P.C.
777 East Girard Avenue, Suite 200
Englewood, Colorado 80113-2767
Telephone: 303.806.9000
Email: atbrake@gmail.com


Attorney For Plaintiff Derick Finn

s/Darren E. Nadel
Darren E. Nadel
Alyson A. Smith
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Fax: 303.629.0200
E-mail: dnadel@littler.com
         aasmith@littler.com

Attorneys For Defendant
Suncor Energy (U.S.A.) Inc.